IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CAO GROUP, INC., a Utah corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>RON RANDALL, an individual,<br><br>        Defendant.<br>_____<br>RON RANDALL, an individual,<br><br>        Third-Party Complainant,<br><br>vs.<br><br>DENSEN CAO, an individual,<br><br>        Third-Party Defendant. | ORDER and MEMORANDUM DECISION<br><br><br><br>Case No. 2:08-CV-296 CW |

       The Cao Group Inc. ("Cao Group") has brought an action against Ron Randall, a former employee of the Cao Group. The Cao Group claims, among other things, that after Mr. Randall left his employment, he breached his confidentiality agreement with the Cao Group and misappropriated the Cao Group's trade secrets. In response, Mr. Randall filed a third-party complaint against Densen Cao, the president of the Cao Group. Mr. Randall asserts that he and Mr. Cao had an oral agreement under which Mr. Cao was to give Mr. Randall stock in the Cao

Group if certain conditions were met.  Mr. Randall alleges that these conditions were met, but that Mr. Cao has not fulfilled his part of the contract.

Now before the court is Mr. Cao's motion to dismiss Mr. Randall's amended third-party complaint.[1]  Mr. Cao argues that Mr. Randall's claim is precluded under the parol evidence rule.  According to Mr. Cao, the employment contract between the Cao Group and Mr. Randall was a fully integrated contract covering the same subject matter of the alleged oral agreement between Mr. Randall and Mr. Cao.  Mr. Randall counters that the parol evidence rule does not apply for various reasons.  Because the court agrees with Mr. Randall, Mr. Cao's motion is DENIED.

## ANALYSIS

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the plaintiff's "well-pleaded factual allegations" are viewed "in the light most favorable to the plaintiff."  Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (citing Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005)).  The question is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  Ridge at Red Hawk, 493 F.3d at 1177 (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007)).

In his third-party complaint, Mr. Randall alleges that Mr. Cao orally promised to give Mr. Randall 200,000 shares of Mr. Cao's personal stock in the Cao Group if Mr. Randall remained employed by the Cao Group for about a year and the company's sales for that year were about

---

[1] Mr. Cao also moved to dismiss Mr. Randall's original third-party complaint.  (See Dkt. No. 11.)  Because Mr. Randall has amended his claim since that motion was filed, Mr. Cao's previous motion to dismiss is moot.

$1,000,000. Mr. Randall also contends that he made a separate written employment agreement with the Cao Group which covered the terms of Mr. Randall's employment with the corporation. That written agreement included a provision that the Cao Group could grant Mr. Randall stock options at its discretion. Mr. Cao argues that because the written contract between Mr. Randall and the Cao Group purportedly covers the same subject matter as the oral agreement between Mr. Randall and Mr. Cao, the parol evidence rule precludes any claim based on the oral agreement.

The parol evidence rule operates to bar "evidence of contemporaneous conversations, representations, or statements offered for the purpose of varying or adding to the terms of an *integrated* contract." Tangren Family Trust v. Tangren, 182 P.3d 326, 330 (Utah 2008) (citation omitted). This rule has no application here. Put simply, the oral agreement as alleged between Mr. Randall and Mr. Cao does not vary or add to the terms of the written contract between Mr. Randall and the Cao Group. First, according to Mr. Randall, Mr. Cao promised his personal stock in the Cao Group as part of the oral contract. The written contract does not state, and Mr. Randall does not allege, that the discretionary stock options that the Cao Group could grant would have any relation to Mr. Cao's shares. In other words, under the facts as alleged by Mr. Randall, Mr. Cao's promise to give Mr. Randall his own shares would have no legal effect on the Cao Group's right to grant stock options at its discretion.

Further, Mr. Randall does not allege that the oral contract was between Mr. Randall and Mr. Cao as representative of the Cao Group, but between Mr. Randall and Mr. Cao as an individual. Mr. Randall thus unmistakably maintains that he had two different contracts with two different parties. The parol evidence rule has no application in such circumstances. See, e.g., American Crystal Sugar, Co. v. Nicholas, 124 F.2d 477, 479 (10th Cir. 1941) ("The courts of

Utah. . . hold that the rule applies only in controversies between parties to the instrument and those claiming under them.") (citations omitted).

Mr. Cao's reliance on MediaNews Group, Inc. v. McCarthey, 432 F. Supp. 2d 1213, 1226 (D. Utah 2006) to counter this conclusion is unpersuasive. Mr. Cao argues that under MediaNews, the parol evidence rule can preclude evidence relating to a third party to a contract if the third party is so closely affiliated with the contracting party to essentially deem him or her a party to the contract. See MediaNews, 432 F. Supp. 2d at 1226. Mr. Cao contends that because he is the majority shareholder and president of the Cao Group, the court should hold that Mr. Cao was acting as the representative of the Cao Group in all of Mr. Cao's communications with Mr. Randall. But Mr. Cao gives no authority for the proposition that a company's president and majority shareholder necessarily acts as the company's representatives at all times. And Mr. Randall has specifically alleged that Mr. Cao acted in his personal capacity when Mr. Cao entered the oral contract. (See Am. Third-Party Compl. ¶ 12.) Given this fact, which the court must accept as true on this motion to dismiss, MediaNews does not apply here.

## ORDER

For the reasons set forth above, Mr. Cao's Motion to Dismiss for Failure to State a Claim (Dkt. No. 18) is DENIED. Mr. Cao's first motion to dismiss (Dkt. No. 11) is DENIED as moot.

SO ORDERED this 16th day of December, 2008.

BY THE COURT:

_____
Clark Waddoups
United States District Judge