CLARK K. TAYLOR (5354)
ctaylor@vancott.com
THOMAS R. BARTON (6827)
tbarton@vancott.com
CHANDLER P. THOMPSON (11374)
cthompson@vancott.com
VAN COTT, BAGLEY, CORNWALL & MCCARTHY
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 532-3333
Facsimile: (801) 534-0058
Attorneys for Plaintiff and Third-Party Defendant

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| CAO GROUP, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>RON RANDALL, an individual,<br><br>Defendant. | **STIPULATED PROTECTIVE ORDER**<br><br>Civil No. 2:08cv00296<br><br>Judge Clark Waddoups |
| RON RANDALL, an individual,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>DENSEN CAO, an individual,<br><br>Third-Party Defendant. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and based upon

the stipulation of the parties, and good cause appearing,

IT IS HEREBY ORDERED as follows:

**TERMS OF ORDER**

1.    **Definitions:**  For purposes of this Stipulated Protective Order ("Protective

Order"), the following definitions shall apply:

    **1.1.**    The term "DOCUMENT" shall include any writings, drawings, graphs,

charts, photographs, phonorecords, records, exhibits, reports, samples, transcripts, oral

testimony, video or audio recordings, affidavits, briefs, summaries, notes, abstracts,

drawings, company records and reports, databases, version control systems,

communications, letters, correspondence, e-mails and attachments thereto, source code

and object code, answers to interrogatories, responses to requests for admissions, or

motions, and/or any other document which may be delivered from or on behalf of a

disclosing party to another in connection with the above-captioned proceeding (the

"Proceeding") including, without limitation, copies, or information stored on any storage

device or computer.

    **1.2.**    The term "DISCLOSING PARTY" as is defined herein as any party or

nonparty who is requested to produce or produces DOCUMENTS, testimony, or things

through discovery in this Proceeding.

    **1.3.**    The term "CONFIDENTIAL INFORMATION" is defined herein as

information, DOCUMENTS, or things (tangible or intangible) that the DISCLOSING

PARTY in good faith believes are not publicly known that would be valuable to third

parties, including but not limited to the DISCLOSING PARTY'S actual and potential

competitors, or that the DISCLOSING PARTY would not normally reveal to third parties without an agreement to maintain it in confidence.

**1.4.**    The term "CONFIDENTIAL -- ATTORNEYS' EYES ONLY INFORMATION" is defined herein as information, DOCUMENTS, or things (tangible or intangible) that the DISCLOSING PARTY in good faith believes are CONFIDENTIAL as defined in Section 1.3 herein, and further contain trade secret or other proprietary or commercially sensitive information that, if viewed by competitors or the public at large, may be detrimental to the DISCLOSING PARTY'S business or potential business interests.

**1.5.**    The term "PROTECTED INFORMATION" refers herein to CONFIDENTIAL INFORMATION and/or CONFIDENTIAL -- ATTORNEYS' EYES ONLY INFORMATION, as defined above.

**1.6.**    The term "CONFIDENTIALITY LEGEND" is defined herein as a label or writing on materials that contain PROTECTED INFORMATION and that clearly designates the information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" pursuant to the provisions of this Order.

**1.7.**    The term "COURT" is defined herein as encompassing the United States District Court for the District of Utah and any appellate body or court that hears this Proceeding on appeal.

**1.8.** The term "SUPPORT STAFF" is defined herein as employees of counsel for the parties or COURT, including paralegals, and clerical and secretarial personnel.

**1.9.** The term "LITIGATION SUPPORT SERVICES" is defined herein as encompassing copy services, document production services, exhibit-production services, translation services, coding services, scanning services, animation services, jury consultants and the like.

**1.10.** The term "INDEPENDENT CONTRACTORS" is defined herein as experts or consultants and their staff retained by counsel for the parties to assist in this Proceeding.

**2.** **Applicability of this Order:** All PROTECTED INFORMATION, and all copies, excerpts and summaries thereof and material containing information derived therefrom, filed with the COURT, submitted to the COURT in connection with a hearing or trial, or produced by or served on any party or non-party in conjunction this Proceeding, shall be governed by this Protective Order and used only for the purposes of this Proceeding and not for any other purpose or function, including without limitation any business, patent or trademark prosecution, competitive or governmental purpose or function. The terms of this Protective Order shall apply to all manner and means of discovery, including without limitation oral testimony, entry onto land or premises, and production and/or inspection of books, records, DOCUMENTS and tangible things.

3.    **Designating Information:**  If, in the course of this Proceeding, a DISCLOSING

PARTY discloses information that the DISCLOSING PARTY in good faith contends is

PROTECTED INFORMATION, the DISCLOSING PARTY may designate such

information as such by applying to the material that contains the information the

CONFIDENTIALITY LEGEND, which shall read "CONFIDENTIAL" or "CONFIDENTIAL

-- ATTORNEYS' EYES ONLY" as the case may be.

　　　3.1.　　If any PROTECTED INFORMATION cannot be labeled with the

CONFIDENTIALITY LEGEND, it shall be placed in a sealed envelope or other container

that is in turn marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

ONLY" in a manner agreed upon by the disclosing and requesting parties.

　　　3.2.　　**Initial Inspection of Materials:**  In the event materials are to be subject to

an initial inspection (e.g., in order for the requesting party to decide whether to copy all

or only parts of a production), the materials shall be treated as containing

CONFIDENTIAL --ATTORNEYS' EYES ONLY INFORMATION for purposes of the initial

inspection, thereby limiting those who may conduct such an initial inspection to those

permitted by Section 4.1 to view CONFIDENTIAL -- ATTORNEYS' EYES ONLY

INFORMATION.  After the initial inspection, the DISCLOSING PARTY may, if

appropriate, designate the inspected materials as PROTECTED INFORMATION.

　　　3.3.　　**Depositions:**  The transcript of any deposition of the DISCLOSING

PARTY shall be considered CONFIDENTIAL -- ATTORNEYS' EYES ONLY through a

15-day period following the date of service of the transcript by the party that took the

deposition or by the Court reporter who transcribed the deposition, whichever comes first. During that 15-day period, if he/she has not already done so during the deposition, counsel for the deponent or for a party may designate any part or all of a deposition as CONFIDENTIAL or CONFIDENTIAL -- ATTORNEYS' EYES ONLY by notifying counsel of record of the confidentiality designation. If a deposition concerns PROTECTED INFORMATION, only persons authorized by this Order may view or otherwise access such PROTECTED INFORMATION. A party designating a portion of the testimony as PROTECTED INFORMATION may also request that the protected portions be bound separately from the rest of the transcript. In accordance with Section 8 of this Protective Order, the non-designating party may request that the designating party review a particular designation, in which event the designating party shall review the designation in question and shall have the option of changing it and shall give notice to the other party in writing if a change is made.

3.4. **Deposition Exhibits:** An exhibit to a deposition shall be treated in accordance with the confidentiality designation already given to it. If an exhibit has not yet been assigned a confidentiality designation at the time of a deposition, the DISCLOSING PARTY may designate an appropriate confidentiality designation on the record during the deposition or at any time during the 15-day period after service of the deposition transcript by the party that took the deposition or by the Court reporter who transcribed the deposition, whichever comes first. If, at the time of the deposition, no confidentiality designation is assigned to a document first produced at a deposition, the

CONFIDENTIAL -- ATTORNEYS' EYES ONLY designation shall apply through the 15-day period following service of the pertinent deposition transcript. The designation of a deposition as PROTECTED INFORMATION or the de-designation of a deposition as PROTECTED INFORMATION shall not affect the confidentiality status of exhibits used at the deposition.

      **3.5.   Inadvertent Failure to Designate:**  If a party inadvertently fails to designate information as PROTECTED INFORMATION, such failure shall not constitute a waiver of the DISCLOSING PARTY'S right to so designate such information. In the event that such an inadvertent failure occurs, the party shall upon discovery of the inadvertent failure promptly notify all parties known to have received the information in question, and provide them with appropriately marked substitute copies of the affected information. Upon receiving such notification, the receiving party shall request all parties to whom the information was disclosed by the receiving party but who are not permitted to have access to such information under the terms of this Order to return the information to the receiving party. The receiving party shall also destroy all copies of the incorrectly labeled information and replace them with the substitute copies provided by the DISCLOSING PARTY.

**4.    Access to PROTECTED INFORMATION:**  The provisions of this Order regarding access to PROTECTED INFORMATION are subject to modification only by order of the COURT or written stipulation of the parties.

**4.1.    Persons Permitted to Access Information Marked as Confidential --**

**Attorneys' Eyes Only:**  Access to information that has been designated as

CONFIDENTIAL --ATTORNEYS' EYES ONLY shall be limited to the following persons:

**4.1.1.** The COURT, and its SUPPORT STAFF and other authorized

COURT personnel, provided that any CONFIDENTIAL -- ATTORNEYS' EYES

ONLY INFORMATION submitted to, or filed with the COURT, including, but not

limited to, deposition transcripts, pleadings, briefs, and exhibits, shall be

conspicuously marked with a CONFIDENTIALITY LEGEND, and shall not be

filed with the COURT except under seal;

**4.1.2.** Counsel for the parties, Cao Group, Inc., Densen Cao, Ron

Randall and counsels' SUPPORT STAFF.

**4.1.3.** Stenographers and videographers who take, record or transcribe

testimony in this Proceeding, either at deposition or at a hearing or trial, to the

extent necessary to carry out their services;

**4.1.4.** LITIGATION SUPPORT SERVICES to the extent necessary to

carry out their services; and

**4.1.5.** INDEPENDENT CONTRACTORS, in accordance with the

terms that follow in Section 4.5.

**4.2.    Persons Permitted to Access Information Marked as Confidential:**

Access to information that has been designated as CONFIDENTIAL shall be limited to

the following persons:

**4.2.1.** Those persons listed above in Section 4.1 that may have access to information that has been designated as CONFIDENTIAL -- ATTORNEYS' EYES ONLY;

**4.2.2.** The parties Cao Group, Inc., Densen Cao, and Ron Randall; and

**4.2.3.** Non-party witnesses and their counsel (if any), but only as necessary and only in accordance with the terms that follow in Section 4.4.

**4.3.    LIMITED ACCESS AND USE:** PROTECTED INFORMATION, including summaries thereof, shall not be disclosed or transmitted to any other person, except (a) as provided in the preceding Sections; (b) upon order of the COURT; or (c) as stipulated in writing by the parties. In addition, and in all cases, PROTECTED INFORMATION shall be used only for the purposes of this lawsuit, and shall not be used by any party (including third parties that are subject to, or have notice of, this Order) for any other business, commercial, or competitive purposes.

**4.4.    Disclosure of PROTECTED INFORMATION to Non-Party Witnesses at deposition:** prior to disclosure of PROTECTED INFORMATION by any party or its attorney to any individual described in Section 4.2.3 at that witness's deposition, the individual shall be informed, on the record, of the existence of this Order and its restrictions with respect to PROTECTED INFORMATION. Prior to reviewing the PROTECTED INFORMATION, the witness shall agree, on the record, to abide by such restrictions as are described to him or her. If the witness refuses to abide by such

restrictions, the he or she shall not be allowed access to the PROTECTED

INFORMATION.

    **4.5.    Disclosure of PROTECTED INFORMATION to INDEPENDENT**

**CONTRACTORS:**  Prior to disclosure of PROTECTED INFORMATION by any party or

its attorney to any INDEPENDENT CONTRACTOR described in Section 4.1.5, the

INDEPENDENT CONTRACTOR shall be informed of the existence of this Order and

provided with a copy to read. The INDEPENDENT CONTRACTOR will then be required

to certify in writing that the Order has been read and understood and that the terms

shall be binding on the individual using the form attached hereto as Exhibit A.

    If disclosure of the identity of the INDEPENDENT CONTRACTOR during the

course of the litigation is required by the applicable rules of the proceeding or the Court,

a copy of the INDEPENDENT CONTRACTOR'S signed and dated written certification,

as described above, shall be provided at the time of such disclosure.

    The party or its attorney receiving such disclosure shall then have ten (10)

business days after actual receipt of the notification to serve objection by next-day

courier service or hand-delivered to disclosure to the INDEPENDENT CONTRACTOR.

An objection may be made to disclosure of PROTECTED INFORMATION to an

INDEPENDENT CONTRACTOR, without limitation, on the basis that the proposed

INDEPENDENT CONTRACTOR, or a person or entity associated with the

INDEPENDENT CONTRACTOR, has a conflict of interest with or a known bias against

the party who designated the information as protected.  It is improper, under the terms

of this Protective Order, to object to disclosure of PROTECTED INFORMATION to an

INDEPENDENT CONTRACTOR on any basis related to the qualifications of the

INDEPENDENT CONTRACTOR to offer either written or verbal testimony in this

Proceeding.

If objection is made, then the parties must confer in good faith before raising the

issue with the COURT. If the parties are unable to settle their dispute, then it shall be

the obligation of the party or attorney proposing disclosure to bring the matter before the

COURT with an explanation of the need for disclosure within five business days of

receiving the objection.

No INDEPENDENT CONTRACTOR shall receive any PROTECTED

INFORMATION until and if (1) the party or attorney proposing to disclose the information

has received the signed certification from the INDEPENDENT CONTRACTOR; and (2)

no objection was made within the allotted time period, the parties have agreed in writing

that the pertinent PROTECTED INFORMATION may be disclosed to the

INDEPENDENT CONTRACTOR, or the COURT has ordered that the PROTECTED

INFORMATION may be disclosed.

If disclosure of the identity of the INDEPENDENT CONTRACTOR during the

course of the litigation is NOT required by the applicable rules of the proceeding or the

Court, any party or attorney that shares disclosed information with such an

INDEPENDENT CONTRACTOR must nevertheless, at the conclusion of this matter,

notify in writing the attorney for the party which designated the information as

protected—if such notification has not already been provided.  Notification must be

served within ten (10) business days of the conclusion of this matter.  Notification shall

include a copy of the INDEPENDENT CONTRACTOR'S signed and dated written

certification, as described above, and shall include the name, address, and occupation

of the INDEPENDENT CONTRACTOR.  If the party that designated the information as

PROTECTED believes that the disclosure to the INDEPENDENT CONTRACTOR was

knowingly improper under the terms of this Order, applicable law, or the rules of the

COURT, that party may seek such remedies as it may have before this COURT, and

not in a separate proceeding.

**5.**    **Storage and Custody:**  Counsel for any party subject to this Protective Order

shall use the same care and discretion to avoid disclosure of PROTECTED

INFORMATION as the receiving party uses with its own similar information that it does

not wish to disclose to prevent the unauthorized or inadvertent disclosure of any

information designated as PROTECTED INFORMATION under this Protective Order.

**6.**    **Filing Under Seal:**  Any information designated as PROTECTED

INFORMATION that is included with, or its contents are in any way disclosed in, any

pleading, motion, deposition transcript, or other papers filed with the COURT shall be

filed in sealed envelopes, or other appropriately sealed containers, prominently marked

with the following information:

    **6.1.**    The case caption, excluding a listing of the plaintiff/third-party defendants

and defendants/counterclaimant;

**6.2.**    The name of the filing party;

**6.3.**    An indication of the filing's contents, such as the title of the filing; and

**6.4.**    A statement substantially similar to the following:

**CONFIDENTIAL**

THIS ENVELOPE CONTAINS DOCUMENTS OR INFORMATION THAT ARE SUBJECT TO A PROTECTIVE ORDER. THE CONFIDENTIALITY OF THE MATERIAL IS TO BE MAINTAINED AND THE ENVELOPE IS NOT TO BE OPENED, OR THE CONTENTS REVEALED TO ANY INDIVIDUAL, EXCEPT IN ACCORDANCE WITH THE TERMS OF THE ORDER.

**7.**    **Challenging a Designation:**  If the parties or their attorneys disagree whether certain information should be protected, they are obligated to negotiate in good faith regarding the designation by the DISCLOSING PARTY.  If the parties are unable to resolve their differences, the party challenging the designation may make a motion before the COURT, seeking a determination of the status of the information.

A challenge to the designation of information as protected must be made substantially contemporaneous with the designation, or as soon as practicable after the basis for challenge is known. When a challenge is made long after a designation of information as protected, the challenging party will be expected to show why it could not have made the challenge at an earlier time. Until the matter is resolved by the parties or the COURT, the information in question shall continue to be treated according to its designation under the terms of this Order.

**8.**    **No Waiver of Rights:**  This Order shall not be deemed:

**8.1.**    A waiver of any party or producing entity's right to object to any discovery requests on any ground;

**8.2.**    A waiver of any party or producing entity's right to object to the admission of evidence on any ground;

**8.3.**    A waiver of any party or producing entity's right to use, within its own discretion, DOCUMENTS, testimony, transcripts, and/or other materials or things that it prepared, produced, or generated;

**8.4.**    Any waiver of the attorney-client privilege or protection of the work product doctrine;

**8.5.**    A waiver of any party's or producing entity's right to seek additional protection for certain materials or information;

**8.6.**    To preclude the filing of any motion with the COURT, for relief regarding a particular provision of this Order or for additional protections not provided by this Order;

**8.7.**    To preclude disclosure or use, in any manner or for any purpose, any information, documents, or things obtained lawfully from a source other than discovery or to which a party has a right of access independent of discovery;

**8.8.**    To preclude disclosure or use, in any manner or for any purpose, any information, document, or thing that is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or

otherwise, or is already rightfully in the possession of the receiving party at the time of production; or

     **8.9.**   To preclude disclosure or use, in any manner any information, document, or thing to an individual who either prepared or reviewed the information, document, or thing prior to the filing of this action, or is shown by the information, document, or thing to have received the information, document, or thing independent of this Proceeding.

**9.**    **Disclosure Beyond the Terms of this Order:**  Nothing shall prevent disclosure beyond the terms of this Protective Order if the DISCLOSING PARTY consents to such disclosure in writing or on the record, or if the COURT, after notice to all affected parties, orders such disclosure.

**10.**    **Inadvertent Disclosure:**  Should any designated information be disclosed, through inadvertence or otherwise, to any person or party in violation of this Order, then the party responsible for the inadvertent disclosure shall use reasonable efforts to bind such person to the terms of this Order, and shall (a) promptly inform such person of all the provisions of this Order, (b) request such person to sign the Acknowledgement of Order (attached hereto as Exhibit A), (and, if such person does not agree to sign the Acknowledgement of Order, use reasonable efforts to retrieve the designated information promptly); and (c) identify such person immediately to the DISCLOSING PARTY that designated the document as PROTECTED INFORMATION. When executed, the Acknowledgment of Order shall promptly be served upon the DISCLOSING PARTY.

11.  **Final Disposition:**  Unless counsel agree otherwise in writing, within thirty (30) calendar days of the final disposition of this Proceeding, the attorneys for the parties and INDEPENDENT CONTRACTORS shall return, to the DISCLOSING PARTY or witness from whom they were obtained, all DOCUMENTS that have been designated PROTECTED INFORMATION and all documents that contain information derived from PROTECTED INFORMATION, or certify in writing that they have destroyed or deleted the same, including all DOCUMENTS or copies provided by a receiving party to any other person and all copies made thereof.  Notwithstanding the foregoing, outside counsel for the parties may retain one complete set of pleadings, motions, and other papers filed with the Court in this matter, as well as one complete copy of all transcripts of depositions taking in this matter, with exhibits.

12.  **Use of PROTECTED INFORMATION at a Hearing or Trial:**  PROTECTED INFORMATION may be used at a hearing or trial in this Proceeding, unless it becomes apparent or reasonably likely that such use may reveal the PROTECTED INFORMATION to persons not permitted to receive such information under this Order. If it becomes apparent or reasonably likely that such information may be revealed to unauthorized persons, the PROTECTED INFORMATION may be used only in accordance with an order of the COURT or a stipulation of the DISCLOSING PARTY.

13.  **Modification, Relief and Retention of Jurisdiction:**  This Order will remain in full force and effect unless modified by an order of the COURT. The parties reserve all rights to apply to the COURT at any time, before or after termination of this Proceeding,

for an order: (i) modifying this Protective Order, (ii) seeking further protection against discovery or use of designated information, or (iii) seeking further disclosure or use of PROTECTED INFORMATION. Without limiting the foregoing, this Order survives and remains in full force and effect, and the COURT shall retain jurisdiction to enforce all provisions of this Order, after termination of this Proceeding.

14.    **No Effect on Other Litigation:**  The existence or nonexistence of a designation under this Protective Order shall have no effect or bearing on any other litigation.

15.    **No Admissions:**  Unless the parties agree otherwise, the designation or acceptance of any information designated pursuant to this Protective Order shall not constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or a trade secret.

Dated this 6th of October, 2009

VANCOTT BAGLEY CORNWALL & MCCARTHY          SHIELDS LAW OFFICES


_/S/ CHANDLER P. THOMPSON_          /S/ JEFFREY W. SHIELDS
Thomas R. Barton                          Jeffrey W. Shields
Chandler P. Thompson                      *Attorneys for Ron Randall*
*Attorneys for CAO Group, Inc. and*
*Densen Cao*

**ORDERED BY THE COURT:**

Dated: _____, 2009


_____
Judge Clark Waddoups
United States District Judge

# EXHIBIT A

CLARK K. TAYLOR (5354)
ctaylor@vancott.com
THOMAS R. BARTON (6827)
tbarton@vancott.com
CHANDLER P. THOMPSON (11374)
cthompson@vancott.com
VAN COTT, BAGLEY, CORNWALL & MCCARTHY
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 532-3333
Facsimile: (801) 534-0058
Attorneys for Plaintiff and Third-Party Defendant

---

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CAO GROUP, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>RON RANDALL, an individual,<br><br>Defendant. | **ACKNOWLEDGMENT OF ORDER PROTECTING CONFIDENTIALITY OF INFORMATION**<br><br>Civil No. 2:08cv00296<br><br>Judge Clark Waddoups |
| RON RANDALL, an individual,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>DENSEN CAO, an individual,<br><br>Third-Party Defendant. | |

I, _____, declare that I have

been provided with a copy of the Stipulated Protective Order regarding the disclosure

and protection of certain types of information, documents, and things during and after the above-captioned proceeding before the United States District Court for the District of Utah.

I have read the Stipulated Protective Order and understand its terms and provisions, by which I agree to be bound.  Specifically, I agree to hold in confidence any information, documents, and things disclosed to me in conjunction with any part I take in this proceeding.

I understand that violation of the Protective Order may be punishable by contempt of Court and I consent and submit to the jurisdiction of the United States District Court for the District of Utah with respect to the enforcement of any of the terms of the Protective Order.

I declare under the penalty of perjury that these statements are true and correct.

_____
[signature]

_____
[print title, if applicable]

_____
[date]

2